United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 17-16770-ref
Drew V. Marlatt                                                           Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4         User: admin              Page 1 of 1            Date Rcvd: Jan 12, 2018
                             Form ID: 318             Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 14, 2018.
db             Drew V. Marlatt,    7708 Penn St,    Emerald, PA  18080-1021
smg            +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                 Allentown, PA 18101-1603
smg             City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg            +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg            +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
13993559        Bank of America Home Loans,    PO Box 45144,    Jacksonville, FL  32232-5144
14014715       +Bank of America, N.A.,    c/o KML Law Group, P.C.,    701 Market Street, Suite 5000,
                 Philadelphia, PA 19106-1541
13993561       +First Commonwealth FCU,    450 Union Blvd,    Allentown, PA 18109-3283
13993562        Fitzpatrick Lentz & Bubba,    4001 Schoolhouse Ln,    Center Valley, PA  18034
13993563        Lehigh County Court of Common Pleas,    Case N. 2017-C-0359,    455 Hamilton St,
                 Allentown, PA  18101-1602
13993564        Lehigh County Court of Common Pleas,    Case N. 2017-C-1479,    455 Hamilton St,
                 Allentown, PA  18101-1602
13993565        Penn Credit Corporation,    916 S 14th St,    Harrisburg, PA  17104-3425
13993566        Prothonotary, CCP-Lehigh County,    Case No. 2017-C-0359,    455 Hamilton St,
                 Allentown, PA  18101-1602
13993569        Richard M. Squire & Associates, LLC,    115 West Ave,    Jenkintown, PA  19046-2031
13993568        Richard M. Squire & Associates, LLC,    115 West Ave Ste 104,    Jenkintown, PA  19046-2031

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr             +EDI: QDAEISENBERG.COM Jan 13 2018 01:43:00      DAVID ALAN EISENBERG,
                 David A. Eisenberg, Esquire,    4167 Winchester Road,    Allentown, PA 18104-1951
smg            +E-mail/Text: robertsl2@dnb.com Jan 13 2018 01:54:04      Dun & Bradstreet, INC,
                 3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 13 2018 01:53:16
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jan 13 2018 01:54:14      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13993560        EDI: TSYS2.COM Jan 13 2018 01:43:00      Barclays Bank of Delaware,    125 S West St,
                 Wilmington, DE  19801-5014
13993567        E-mail/Text: bankruptcyteam@quickenloans.com Jan 13 2018 01:54:10      Quicken Loans,
                 1050 Woodward Ave,    Detroit, MI  48226-1906
                                                                                               TOTAL: 6

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 14, 2018                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 11, 2018 at the address(es) listed below:
              DAVID ALAN EISENBERG    trustee@eisenbergpc.com, deisenberg@ecf.epiqsystems.com
              MATTEO SAMUEL WEINER    on behalf of Creditor   BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              MICHAEL J. MCCRYSTAL    on behalf of Debtor Drew V. Marlatt mccrystallaw@gmail.com,
               sueparalegal@gmail.com
              REBECCA ANN SOLARZ    on behalf of Creditor   BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              SARAH K. MCCAFFERY    on behalf of Creditor   Quicken Loans Inc. smccaffery@squirelaw.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                               TOTAL: 6

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Drew V. Marlatt** | Social Security number or ITIN **xxx–xx–5231** |
| | First Name  Middle Name  Last Name | EIN _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _ – _ _ _ _ _ _ _ |

United States Bankruptcy Court  **Eastern District of Pennsylvania**

Case number:  **17–16770–ref**

# Order of Discharge                                                                                          12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Drew V. Marlatt

<u>1/11/18</u>

**By the court:**  <u>Richard E. Fehling</u>
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                                **Order of Discharge**                                page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**